ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 MAY A COMMISSIONER OF THE DEPARTMENT OF WILDLIFE CONSERVATION ENTER INTO A CONTRACTUAL RELATIONSHIP WITH THE DEPARTMENT OF TOURISM AND RECREATION AND BE COMPENSATED FOR TEACHING FLYFISHING CLINICS FOR THE DEPARTMENT?
BECAUSE YOUR QUESTION IS SUBSTANTIALLY THE SAME AS A RECENT ATTORNEY GENERAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED WITH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS IN THIS OPINION, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
IN RESPONSE TO THE POTENTIAL FOR CONFLICTS OF INTEREST INHERENT IN FINANCIAL TRANSACTIONS BETWEEN STATE AGENCIES AND STATE EMPLOYEES, THE OKLAHOMA LEGISLATURE ENACTED THE OKLAHOMA ETHICS COMMISSION ACT, 74 O.S. 4200, ET SEQ,. (THE ETHICS ACT).' 74 O.S. 4241 OF THE ETHICS ACT PROVIDES, IN PART:
"NO STATE EMPLOYEE SHALL:
* * * * *
 4. SELL, OFFER TO SELL OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED BY OR REGULATED BY THE STATE GOVERNMENTAL ENTITY WHICH THE OFFICER OR EMPLOYEE SERVES, EXCEPT AS PROVIDED BY PARAGRAPH 3 OF SECTION (4243 OF THIS TITLE);
* * *
 6. ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES." 74 O.S. 4241 (1991).
TITLE 74 O.S. 4243 (1991), PROVIDES, IN PART:
"A. NO STATE AGENCY SHALL:
 1. ENTER INTO ANY CONTRACT WITH AN EMPLOYEE OF THE AGENCY, OR WITH A BUSINESS INTEREST IN WHICH AN EMPLOYEE HOLDS A SUBSTANTIAL INTEREST, UNLESS THE CONTRACT IS MADE AFTER PUBLIC NOTICE BY THE AGENCY AND COMPLIANCE WITH COMPETITIVE BIDDING PROCEDURES. THIS PARAGRAPH SHALL NOT APPLY TO A CONTRACT OF EMPLOYMENT WITH THE STATE(.)"
A "STATE EMPLOYEE" IS DEFINED TO INCLUDE "AN ELECTED OR APPOINTED OFFICER OR EMPLOYEE OF ANY STATE GOVERNMENTAL ENTITY(.)". 74 O.S. 4202 (1991). FOR THE PURPOSES OF 74 O.S. 4241 AND 74 O.S. 4243, A WILDLIFE CONSERVATION COMMISSIONER WOULD BE CONSIDERED A STATE EMPLOYEE.
WILLFUL VIOLATION OF 74 O.S. 4241 OR 74 O.S. 4243 CONSTITUTES A MISDEMEANOR. 74 O.S. 4245 (1991). AS THESE SECTIONS ARE PENAL IN NATURE, THEY MUST BE CONSTRUED STRICTLY AGAINST THE STATE AND LIBERALLY IN FAVOR OF AN ACCUSED. STATE V. HUMPHREY, 620 P.2D 408 (OKL.CR.1980). OF COURSE, IT IS ALWAYS NECESSARY TO ASCERTAIN AND GIVE EFFECT TO THE LEGISLATIVE INTENT EXPRESSED IN A STATUTE. HESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA.1985).
AS RECENTLY NOTED IN A. G. OPINION NO. 92-022, THE PURPOSE OF 74 O.S. 4241(4) IS TO AVOID THE UNDUE INFLUENCE A STATE OFFICER OR EMPLOYEE MIGHT BE ABLE TO EXERT UPON A STATE AGENCY IN THE AWARD OF A CONTRACT FOR GOODS OR SERVICES THAT IS NOT IN THE BEST INTERESTS OF THE PUBLIC. IN ORDER TO AVOID THIS EVIL, 74 O.S. 4241(4) PROVIDES THAT STATE OFFICERS AND EMPLOYEES SHALL NOT ENTER INTO A CONTRACTUAL RELATIONSHIP WITH ANY STATE AGENCY EXCEPT AS PROVIDED BY 74 O.S. 4243. IN TURN, 4243 PROVIDES THAT AN AGENCY AND AN EMPLOYEE OF THAT AGENCY MAY ENTER INTO SUCH A CONTRACT ONLY UPON PUBLIC NOTICE AND COMPLIANCE WITH COMPETITIVE BID PROCEDURES OF THE OKLAHOMA CENTRAL PURCHASING ACT. 74 O.S. 85.1 (1991), ET SEQ, AS AMENDED. IN OTHER WORDS, STATE OFFICERS AND EMPLOYEES MUST BE PLACED ON EQUAL FOOTING WITH MEMBERS OF THE PUBLIC.
A.G. OPIN. NO. 92-022 CONCLUDED THAT 74 O.S. 4243 MUST BE CONSTRUED TO INCLUDE BUSINESS RELATIONS BETWEEN A STATE EMPLOYEE AND ANY AGENCY OF THE STATE, NOT JUST THE AGENCY BY WHICH THE INDIVIDUAL IS EMPLOYED. FOR YOUR CONVENIENCE, I HAVE ENCLOSED A COPY OF A.G. OPIN. NO. 92-022.
3 SECTION 4202 CREATES SEVERAL EXCEPTIONS TO THIS DEFINITION. HOWEVER, NONE ARE APPLICABLE TO YOUR QUESTION AND SO ARE NOT SPECIFIED HEREIN.
4 ARTICLE X, SECTION 11, OF THE OKLAHOMA CONSTITUTION PROVIDES:
 "THE RECEIVING, DIRECTLY OR INDIRECTLY, BY ANY OFFICER OF THE STATE, OR OF ANY COUNTY, CITY, OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BY RAISED THOUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT, OR COUNTY PURPOSES SHALL BE DEEMED A FELONY. SAID OFFENSE SHALL BE PUNISHED AS MAY BE PRESCRIBED BY LAW, A PART OF WHICH PUNISHMENT SHALL BE DISQUALIFICATION TO HOLD OFFICE."
IN REGARD TO 74 O.S. 4241(6) (1991), THIS OFFICE HAS PREVIOUSLY DETERMINED THAT IT IS NOT A PER SE VIOLATION OF STATE LAW FOR A STATE EMPLOYEE TO ACCEPT EMPLOYMENT WITH MORE THAN ONE STATE AGENCY. A.G. OPIN. NO. 88-023. A VIOLATION ARISES ONLY WHEN SUCH OTHER EMPLOYMENT "IMPAIRS HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES." 74 O.S. 4241(6). THIS, HOWEVER, IS A QUESTION OF FACT WHICH MUST BE MADE ON A CASE BY CASE BASIS AND CANNOT BE ANSWERED IN AN ATTORNEY GENERAL OPINION. 74 O.S. 18B.
OF COURSE, IN ANY OPINION RELATED TO ETHICS, IT IS APPROPRIATE TO NOTE THE CAUTIONARY LANGUAGE ABOUT THE NEED FOR STATE AGENCIES AND EMPLOYEES TO COMPLY WITH BOTH THE LETTER AND THE SPIRIT OF THE LAW AND AVOID EVEN THE APPEARANCE OF IMPROPRIETY, EXPRESSED BY THE OKLAHOMA SUPREME COURT IN WESTINGHOUSE ELECTRIC CORPORATION V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA.1986):
 "GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."
MOREOVER, THE COURT NOTED THAT IT IS THE:
 "PUBLIC POLICY OF THE STATE . . . THAT NO STATE OFFICER OR EMPLOYEE MAY ENGAGE IN ANY TRANSACTION WHICH IS IN SUBSTANTIAL CONFLICT WITH THE PROPER DISCHARGE OF PUBLIC DUTIES OR PUBLIC INTEREST."
ID. A 716.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT A COMMISSIONER OF THE DEPARTMENT OF WILDLIFE CONSERVATION MAY ENTER INTO A CONTRACTUAL RELATIONSHIP WITH THE DEPARTMENT OF TOURISM AND RECREATION AND BE COMPENSATED FOR TEACHING FLYFISHING CLINICS FOR THE DEPARTMENT, PURSUANT TO 74 O.S. 4241 AND 74 O.S. 4243 (1991), BUT ONLY AFTER PUBLIC NOTICE AND COMPLIANCE WITH COMPETITIVE BID REQUIREMENTS PURSUANT TO 74 O.S. 85.1 (1991), ET SEQ., AS AMENDED.
(JAMES ROBERT JOHNSON)